UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

**Hon. Hugh B. Scott**

08CR281S

v.                                                                              **Order**

Joseph Tigano III,

Defendant.

Before the Court is defendant Joseph Tigano III's motion to waive his right to be represented by counsel in this matter and to proceed pro se. The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. There is, however, the correlative right to dispense with legal assistance and represent oneself. Faretta v. California, 422 U.S. 806, 818-834 (1975). In Torres v. United States, 140 F.3d 392 (2d. Cir. 1998), the Second Circuit held that although there is no talismanic procedure to determine a valid waiver, the district court should engage the defendant in an on-the-record discussion to ensure that he fully understands the ramifications of his decision. The Second Circuit held that the trial court should consider "whether the defendant understood that he had a choice between proceeding pro se and with assigned counsel, whether he understood the advantages of having one trained in the law to represent him, and whether the defendant had the capacity to make an intelligent choice. " Torres, 140 F.3d. at 401. The district court must be satisfied that the defendant was aware of the risks associated with self-representation. The record as a whole must demonstrate that the

defendant knowingly and intelligently waived his right to counsel. Id.

In this case, the defendant was directed to undergo a mental evaluation to determine his competency to aid in his defense in this matter. In a report dated July 7, 2009, Dr. Christine Scronce of the Federal Medical Center in Ayer, Massachuesetts, determined that the defendant "does not presently suffer from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him, or to assist properly in his defense." At a Court appearance on August 12, 2009, the defendant stated that he no longer wished to be represented by his retained counsel, Thomas Farley, Esq., and that he instead wished to represent himself in this case. The defendant did not request an opportunity to retain different counsel or to have court-appointed counsel. The defendant steadfastly stated that he wanted to represent himself in this case. At that time, the Court engaged in a colloquy with the defendant to advise the defendant of the disadvantages of proceeding without counsel in this case. The Court inquired as to the defendant's understanding of the charges against him and the potential sentence that might be imposed if he were convicted in this case; the Court inquired as to his understanding that he had an absolute right to be represented by counsel in this matter; advised him that an attorney may have a better understanding of the law and would be better equipped to rebut the arguments and proof proffered by the government in this matter; advised him that he would be expected to know and follow the procedural rules which govern any trial in this matter; advised the defendant that as someone untrained in the law, he may say things that actually help the prosecution convict him in this case. The Court further advised the defendant that, in the opinion of the Court, it would be a mistake not to accept the assistance of counsel in this case. Notwithstanding, the defendant maintained that he wished to represent himself in this case. The defendant stated that no one knew this case better than he did.

To ensure that the defendant fully understood the gravity of his request to represent

himself against these criminal charges, the Court appointed Daniel Henry, Esq. to meet with the defendant and discuss the ramifications of proceeding without legal representations in this criminal matter. During an appearance on August 14, 2009, the defendant repeated his intention to proceed *pro se* in defense of the charges in this case. Mr. Henry advised the Court that he had met with the defendant and that the defendant appeared to understand his right to counsel and the ramifications of waiving that right in this case. The Court, once again, engaged in a colloquy with the defendant to make certain that Tigano was aware of his rights and of the disadvantages of proceeding *pro se* in the face of these serious criminal charges. The Court, again, advised the defendant that, in the Court's opinion, it would be a mistake to proceed without legal representation in this matter. Tigano maintained his insistence that he be allowed to represent himself against the charges in this case. The defendant stated that he did not oppose having stand-by counsel appointed.

The Court has taken great pains to ensure that the defendant fully understands his right to counsel and the ramifications of waiving that right. The Court finds no basis to deny the defendant's motion to waive his right to counsel and to proceed *pro se* in this case. The defendant's motion to proceed *pro se* is granted. The Court will address the issue of stand-by counsel, as well as scheduling issues as a Scheduling Conference on September 24, 2009 at 2:00 p.m. before the undersigned.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
September 11, 2009