UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

               **Hon. Hugh B. Scott**

               08CR281S

     v.           **Decision & Order**

Joseph Tigano III, and
Joseph Tigano, Sr.

     Defendants.

   Before the Court are omnibus motions filed on behalf of the respective defendants (Docket No. 26 and 51).[1]

## Background

   On October 2, 2008, the Grand Jury issued an Indictment charging Joseph Tigano III and Joseph Tigano, Sr. with various drug trafficking offenses. Both defendants are charged with the unlawful manufacture of 1,000 or more marijuana plants [Count 1]; the unlawful possession with the intent to distribute marijuana [Count 2]; the unlawful use of a place to manufacture and distribute marijuana [Count 3]; conspiring to commit the offenses set forth in Counts 1 through 3

---

[1] This Court has recused itself to the extent the defendants have sought suppression of evidence in the instant motions, as well as in the supplemental motion filed by Joseph Tigano Sr. (Docket No. 52). Those motions are to be resolved before another United States Magistrate Judge. Also, the motions to appoint counsel (Docket No. 47), adjourn oral argument (Docket No. 27), and adjourn the suppression hearing (Docket No. 46) are moot.

[Count 4]; and possession of a firearm in furtherance of the drug trafficking offenses [Count 5]. Joseph Tigano III is also charged with unlawful possession of firearms [Count 6]. The Indictment also asserts various forfeiture counts [Counts 7 and 8].

## Discovery

The defendants' motion papers list various items of pretrial discovery which they have requested in this matter. During oral argument on May 27, 2010, the defendants identified the following items as being outstanding:

1. Production of reports prepared by IRS Criminal Investigator Special Agent Jaime Preston. Except as Rule 16(a) (1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500. See Federal Rules of Criminal Procedure Rule 16(a)(2). United States v. Newton, 2009 WL 2876169 (W.D.N.Y. 2009).

2. Any and all reports referred to in the search warrant application. The defendants are entitled to disclosure of any reports or documents which were presented to the judicial officer in connection with the issuance of the search warrant. To the extent that such materials have not yet been disclosed, the government is directed to produce such materials to the defendants.

3. The defendants seek copies of photographs and or video taken by law enforcement agents while surveilling 30 Mill Street. Similarly, they seek all reports, documents, photographs or video taken by Captain Kevin Caffery, including FLIR scan operations conducted on March 2, 13, and 23 of 2008. Pursuant to Rule 16(a)(1)(E), such photographs or video in the government's possession must be produced if "(i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." The defendants have not articulated a basis upon which to conclude that the surveillance photographs are material to preparing their defense and do not claim that the photographs, video or reports belong to them. The items must be produced if the government intends to use them in its case-in-chief at trial. Further, the items must be produced if they were

part of the search warrant application.[2] Finally, the items must be produced pursuant to the District Court's trial order if they constitute exculpatory material under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny.

4. The defendants acknowledge that the defendant's computer has been returned, but request copies of any forensic reports, if any. The government shall produce such reports, if any exist.

5. The defendants seek copies of all financial documentation reviewed as part of this investigation, including certain specified bank account records and IRS tax records. To the extent that they were used in support of the search warrant application or my otherwise be used in the government's case-in-chief, the government shall produce such documents.

6. The defendants seek copies of all utility records obtained from National Grid relating to the electrical usage at 30 Mill Street. To the extent such records are in the government's possession, custody or control, the government is directed to produce these documents.

7. The government has not produced any audio or video recordings (or transcripts), or any laboratory reports as identified in Docket No. 26, ¶¶ 7(m), (p), and (q). The defendants ask that the government clarify that the material has not been produced because it does not exist. The government is directed to state, in writing, whether any such reports exist in this case.

8. The defendants seek disclosure of any experts to be used by the government at trial in this case. The government has agreed to provide this information. (Docket No. 42 at page 11).

**Brady & Jencks Material**

The defendants seek the disclosure of all potentially exculpatory materials, including information to be used for the impeachment of the government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. Brady material, as those cases have

---

[2] Review of the validity of a criminal warrant, under the "four corners" standard, (see Aguilar v. Texas, 378 U.S. 108, 109 n. 1 (1964); and Franks v. Delaware, 438 U.S. 154 (1978), requires review of the evidence which was presented to the issuing magistrate. Thus, absent extenuating circumstances, such material is subject to discovery.

come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching ... [and] [a]ny and all records and information revealing prior misconduct ... attributed to the [government's] witness." U.S. v. Kiszewski, 877 F.2d 210 (2d Cir. 1989). The defendant also seeks disclosure of the statements of witnesses under the Jencks Act (15 U.S.C. §3500).

The government states that it is not aware of any evidence subject to disclosure under Brady (Docket No. 42 at page 11). The government acknowledges its obligations under Brady and represents that it will provide any such information to the defendants. (Docket No. 42 at page 12).

Neither the Supreme Court, nor the Second Circuit[3], have ruled directly on whether there is a meaningful distinction between "exculpatory Brady" and "impeachment Brady" materials for purposes relating to the time within which such information must be disclosed. Several other courts have discussed the issue at hand, which often arises in the context of a potential, if not inherent conflict between the government's obligations to disclose under Brady, and the governments right to delay disclosure of certain information pursuant to the Jencks Act. Those cases suggest that the court has some discretion with respect to directing the timing of such disclosure. U.S. v. Campagnuolo, 592 F.2d 852 (5th Cir. 1979)(the Court interpreted Brady to require disclosure "at the appropriate" time, which often is prior to trial); U.S. v. Perez, 870 F.2d 1222 (7th Cir. 1989)(the government's delay in disclosing Brady material violates due process only if the delay prevented the defendant from receiving a fair trial); U.S. v. Ziperstein,

---

[3] In a footnote in its opinion in Lucas v. Regan, 503 F.2d 1, 3 n.1 (1974), the Second Circuit stated that "[n]either Brady nor any other case we know of requires that disclosures under Brady be made before trial."

4

601 F.2d 281 (7th Cir. 1979)(a defendant receives a fair trial, notwithstanding delayed disclosure of Brady material, as long as disclosure is made before it is too late for the defendant to make use of any benefits of the evidence). But see U.S. V. Wilson, 565 F.Supp 1416 (S.D.N.Y. 1983) (impeachment material need not be produced prior to trial); U.S. Biaggi, 675 F.Supp 790 (S.D.N.Y. 1987)(information bearing on a witness' credibility may be turned over at the same time as [Jencks Act] materials); U.S. V. Feldman, 731 F.Supp 1189 (S.D.N.Y. 1990)(it is sufficient for the government to disclose Brady impeachment materials along with [Jencks Act] materials).

The Jencks Act relates only to "statements" made by government witnesses. Such statements may include inconsistencies which make them useful for impeachment purposes, and thus, subject them to disclosure under Brady principles. To this extent, it has been suggested that the constitutional requirements underlying Brady could act to modify the Jencks Act. U.S. v. Campagnuolo, 592 F.2d 852, 860 (5th Cir. 1979). But see U.S. v. Presser, 844 F.2d 1275 (6th Cir. 1988)(the government may not be compelled to pretrial disclosure of Brady or Jencks material). The record in this case does not reflect whether any of the materials withheld by the government may be considered both Brady and Jencks material. Certainly "impeachment Brady" material may include several items which are not considered "statements" under the Jencks Act.

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, ... sound trial management would seem to dictate that Jencks Act material should be

submitted prior to trial ... so that those abhorrent lengthy pauses at trial to examine documents can be avoided." U.S. v. Percevault, 490 F.2d 126 (2d Cir. 1974); U.S. V. Green, 144 F.R.D. 631 (W.D.N.Y. 1992).

In the instant case, and while balancing all of the above, the Court concludes that disclosure of such inculpatory and impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendants to have a fair opportunity to utilize the information at trial) is sufficient.

### Bill of Particulars

The defendants seek a bill of particulars in this case. Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars. Bills of Particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial. U.S. v. Torres, 901 F.2d 205 (2d Cir. 1990). The government is not obligated to "preview its case or expose its legal theory" U.S. v. LaMorte, 744 F.Supp 573 (S.D.N.Y. 1990); U.S. v. Leonelli, 428 F.Supp 880 (S.D.N.Y. 1977); nor must it disclose the precise "manner in which the crime charged is alleged to have been committed" U.S. v. Andrews, 381 F.2d 377 (2d Cir. 1967). Notwithstanding the above, there is a special concern for particularization in conspiracy cases. U.S. v. Davidoff, 845 F.2d 1151 (2d Cir. 1988).

Upon review of the indictment, the Court finds that defendants are not entitled to a Bill of Particulars inasmuch as each defendant is sufficiently advised of the charges against him to allow for the proper preparation of a defense, to avoid surprise at trial, and to protect the defendant from double jeopardy.

## Identity of Informants

The defendants seeks the pre-trial disclosure of the identity of any informants in this case. The government is not required to furnish the identities of informants unless it is essential to the defense. Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.) cert. denied 489 U.S. 1089 (1988). Nor does Rule 16 require the government to disclose the names of witnesses prior to trial. United States v. Bejasa, 904 F.2d 137, 139 (2d. Cir.) cert. denied 498 U.S. 921 (1990).

The defendants have not established that the pre-trial disclosure of the identities of any informants is essential to their defense. This request is denied.

## Rule 404(b), 608 and 609 Material

The defendants request disclosure of all evidence of prior bad acts that the government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b). With respect to the defendants' requests under Rules 608 and 609, the only notice requirement imposed by either rule applies where a party intends to introduce evidence of a conviction that is more than ten years old. Under such circumstances, Rule 609(b) mandates that "the proponent [give] to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence." The government has represented that it has already produced evidence to the defendants under Rules 404(b), 608 and 609. (Docket No. 42 at page 14; Docket No. 54 at page 19)

## Preservation of Evidence and Rough Notes

The defendants have requested the preservation of rough notes and other evidence taken

by law enforcement agents involved. The government is directed to preserve such information.

### Rule 806 Disclosure

Pursuant to Rule 806, when a hearsay statement has been admitted, the credibility of the declarant may be attacked. The defendant seeks disclosure, under Brady, of any impeachment material relating to any such declarant who testifies at trial. Such a request is inherent in the previously discussed obligations of the government under Brady and the Jencks Act.

### Rule 12 Notice

Pursuant to Rule 12(d)(2) of the Federal Rules of Criminal Procedure, the defendants have requested that the government give notice of its intention to use at trial any evidence which is discoverable under Rule 16. If not already produced, the government shall produce a Rule 12 statement to each of the defendants.

### Conclusion

The respective omnibus motions (Docket No. 26 at 51) are granted in part and denied in part, consistent with the above.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
June 24, 2010